CENTRAL ALTAGRACIA *v*. OTERO ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 118.—Resuelto en junio 27, 1907.

INJUNCTION—FIANZA—INPUGNACIÓN DE LA SUFICIENCIA DE LOS FIADORES.—El demandado en un procedimiento de *injunction* puede hacer objeciones á la suficiencia de los fiadores, pero tales objeciones deben presentarse dentro del término de cinco días siguientes al de la notificación del *injunction*, á fin de que los fiadores, ú otros en su lugar, puedan justificar su suficiencia dentro de cinco días después de haber presentado el demandado su excepción.

ID.—QUÉ SE ENTIENDE POR SUFICIENCIA DE LOS FIADORES.—Las únicas objeciones que el demandado puede hacer contra los fiadores son las que se refieren á su falta de responsabilidad pecuniaria, ó á su falta de capacidad ó aptitud legal, por otros conceptos, para figurar como tales fiadores, y *ambas están com prendidas* dentro del concepto de la palabra suficiencia, y deben ser presentadas dentro del término legal para que puedan ser consideradas.

ID.—HECHOS CONSIGNADOS EN LA SOLICITUD.—Si los hechos alegados bajo juramento, en una solicitud de *injunction*, no se hubieren negado, hay que aceptarlos como ciertos y verdaderos para los efectos de la acción.

ID.—DESALOJO DE ESTABLECIMIENTOS, ETC.—Una orden de *injunction* prohibiendo que los demandados entren en la propiedad ó propiedades en la corporación demandante, ó que intervengan en modo alguno con dicha propiedad ó propiedades, ú ocupen las mismas, y disponiendo, como consecuencia necesaria, la entrega, por los demandados, de las llaves de dichas fincas y demás propiedades muebles que tuvieran en su poder, no puede impugnarse por tener el efecto de una sentencia dictada en juicio de desahucio, pues apareciendo que los demandados ocupaban, por razón de su cargo, las casas de la corporación demandante, ésta tenía perfecto derecho para pedir que se les desposeyera de las mismas, y se ordenara la entrega de las llaves, á fin de hacer eficaz la orden de *injunction*.

ID.—AUTO DE CARÁCTER MANDATORIO Ó PROHIBITORIO.—En su acepción ordinaria un *injunction* es una orden ó mandato, y ese mandato puede ser para que se haga una cosa determinada, ó para evitar que llegue á hacerse; en su acep-

ción legal, el *injunction* es un auto de carácter *reparador,* que se expide para ordenar que el demandado ejecute un acto, ó se abstenga de ejecutarlo ó continúe ejecutándolo; puede ser, por consiguiente, de carácter mandatorio ó prohibitorio, y los Tribunales tienen facultades para expedirlos en cualquiera de esas formas.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Hawkins.*

La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de Mayagüez presentaron los abogados Benjamín J. Horton, Frederick L. Cornwell y Leopoldo Feliú, en representación de la "Central Altagracia," una solicitud interesando se expediera auto de *injunction* contra Santiago Otero y Roberto Wilson y sus respectivos agentes, empleados ó cualquiera otra persona que estuviere bajo su dominio ó servicio para los fines que más adelante se expresan, alegando al efecto, los siguientes hechos: Que la "Central Altagracia" es una corporación debidamente organizada, según las leyes del Estado de Maine, y que gira y tiene una oficina en esta isla, en la ciudad de Mayagüez; que la corporación peticionaria tiene arrendada y posee cierta fábrica de azúcar con sus correspondientes edificios y veintidós cuerdas de terreno, todos situados en la ciudad de Mayagüez; que un tal Robert Wilson fué suspendido y despedido del servicio de la corporación demandante el día catorce de diciembre de 1906, y que un tal Santiago Otero fué suspendido y despedido del servicio de la misma corporación el día 16 de diciembre de 1906; que dichos Robert Wilson y Santiago Otero ocupaban, porque se les había cedido por la corporación demandante, casas para habitar y vivir mientras estuvieran al servicio de la misma, las cuales están enclavadas en terrenos que posee la dicha corporación; que los referidos Wilson y Otero, el día 16 de diciembre de 1906, después de haber sido despedidos del servicio de la corporación, llamaron una huelga é intentaron crear un motín, sobre la propiedad

de dicha corporación demandante y que á la fecha de la demanda estaban en posesión de dichas casas del demandante, situadas en la propiedad del mismo, y positiva é ilegalmente rehusan salir y abandonar dichas casas y propiedad de la corporación y han molestado é intervenido con los empleados de la corporación y aún todavía continúan haciéndolo; que dichos Wilson y Otero han intentado y todavía intentan interrumpir la entrega de los productos crudos que se envían á los molinos de la corporación demandante; que retienen ilegalmente propiedad ó bienes de la misma que son absolutamente necesarios para albergar, y para que duerman sus empleados; que la ocupación ilegal de dicha propiedad ó bienes por los mencionados Wilson y Otero y los actos de sus agentes, sirvientes y empleados, están interrumpiendo é interrumpen la marcha y operación de la corporación demandante, causándole así daños irreparables, no pudiendo la corporación demandante obtener remedio adecuado y rápido en derecho; y por virtud de esos hechos, el demandante suplicó á la corte expidiera un *injunction* temporal prohibiendo á dichos Robert Wilson y Santiago Otero, y á sus respectivos agentes, empleados y cualquiera otra persona que estuviera bajo su dominio ó servicio, entrar en la propiedad ó propiedades y bienes de la corporación demandante é intervenir en manera alguna en las operaciones y marcha de dicha corporación, así como molestar á ninguno de los empleados de la misma, y que celebrada la vista final se hiciera definitivo y permanente dicho auto de *injunction,* ordenándoseles además por dicho auto, la entrega de las correspondientes llaves de los edificios que dichos demandados ocupan de modo ilegal en la propiedad ó propiedades de la corporación. Previa prestación de fianza por la suma de quinientos dollars, suscrita por los Sres. F. L. Cornwell y Benjamin J. Horton, como fiadores, se expidió por el juez de la corte de Distrito de Mayagüez en 21 de diciembre último, el auto de *injunction* provisional, y en la misma fecha fué notificado á los demandados por el marshal de dicha corte.

En 31 del mismo mes de diciembre comparecieron los demandados representados por el abogado Don Alfredo Arnaldo y presentaron un escrito de oposición á la solicitud de *injunction,* expresando en substancia lo siguiente: Alegaron, en primer término que decretado el *injunction* por la corte, previa la prestación de una fianza de quinientos dollars, admitió la corte como fiadores á Benjamín J. Horton y á Federico L. Cornwell, abogados que solicitaron el *injunction* á nombre de la central "Altagracia;" que, según la regla 13 de las dictadas para gobernar el juicio y la práctica de las pruebas, ningún abogado será aceptado como fiador en una acción ó procedimiento judicial en la cual preste sus servicios como tal abogado, y que dado ese precepto, los abogados Horton y Cornwell no pudieron legalmente ser aceptados como fiadores para prestar la fianza que al decretar el auto de *injunction* se exigió, y si á pesar de ello la corte los aceptó, y como tales fiadores prestaron la fianza, se ha realizado un acto contra lo dispuesto en la ley, y como la misma ley no ordena su validez, resulta que, según el artículo 4º. del Código Civil, dicha fianza es nula y procede, por consiguiente, que se declare así y se revoque, en su consecuencia, el auto de *injunction* que se decretó, teniéndose presente que los demandados impugnan no la suficiencia, sino la incapacidad de los fiadores que produce la nulidad de la fianza prestada; alegan también los demandados que al disponer la orden de *injunction* que éstos entreguen las llaves y propiedad mueble que tengan de la corporación demandante, se viene, en virtud de tal *injunction,* á realizar un desahucio, y que aún suponiendo que la corporación demandante tenga el derecho de desposeer á los demandados de las casas que ocuparen por razón de sus cargos, no es el *injunction* el remedio adecuado, pues el objeto de éste es prohibir á una persona determinada cosa que infrinja ó perjudique el derecho de otra, es decir, obligar á una persona á que realice un acto, mas no prohibirle que lo realice; que, según el artículo 1490 del Código Civil, los demandados pueden ser desposeídos de los edificios que ocuparen por razón de su cargo, ó

sea aquéllos en los cuales realizan sus trabajos, pero no de los edificios en que habiten; que hay un derecho al domicilio y contra ese derecho hay un sólo procedimiento especial, que es el desahucio, y nó el *injunction;* que es falso que los demandados trataran de formar alguna huelga ó crear algún motín y que dichos demandados Wilson y Otero eran, respectivamente, ingeniero y mayordomo de la central, con sueldos mensuales, y que, sin justa causa, que la solicitud de *injunction* no expresa, no pudieron ser despedidos de la misma; por todos esos hechos pidieron á la corte que resolviera que no existía suficiente fundamento para el *injunction,* condenando en costas y daños y perjuicios á la central demandante.

Celebrada la vista ante la Corte de Distrito de Mayagüez, no se practicó en ella prueba alguna, y la corte dictó resolución en 12 de enero de 1907, desestimando las objecciones presentadas por los demandados á la solicitud y auto de *injunction* temporal, ratificando éste en todas sus partes, con las costas á los demandados, resolución que fué apelada para ante este tribunal por la representación de la parte demandada.

Dos cuestiones han sido sometidas á la consideración de este tribunal, por virtud de la apelación interpuesta por los demandados en este caso. Consiste la primera en que la fianza otorgada por la compañía demandante para que se expidiera el auto de *injunction* provisional. es nula, por haberla suscrito como fiadores dos de los abogados que representan á dicha compañía en este procedimiento.

Alegan también los apelantes que los demandantes han debido probar todos los hechos relacionados en su escrito de demanda, y que no habiéndolo hecho así, no procedía haberse dictado el auto de *injunction* definitivo.

Examinaremos estas cuestiones por el orden en que han sido presentadas.

Según la sección 7 de la Ley de *Injunction,* aprobada en 8 de mayo de 1906, al concederse el auto de *injunction* provisional el demandante deberá prestar una fianza suscrita por fiadores abonados para responder de los daños y perjuicios

que dicho *injunction* pudiera ocasionar á la parte demandada, en caso de que se resuelva en definitiva que el demandante no tenía derecho á establecerlo. Prescribe además dicha sección que dentro de los cinco días siguientes al de la notificación del *injunction,* la persona requerida puede poner excepción á la suficiencia de los fiadores, pudiendo éstos, ú otros en su lugar, justificar su suficiencia dentro de cinco días después de haber presentado el demandado su excepción, revocándose el *injunction* si así no lo verificaren.

El auto de *injunction* provisional decretado en este caso por la Corte de Distrito de Mayagüez, fué expedido con fecha 21 de diciembre de 1906, y notificado el mismo día á los demandados, según consta del certificado de diligenciamiento del marshal de dicha corte. La excepción hecha por los demandados á los fiadores fué consignada en su escrito de oposición que tiene fecha de 31 del mismo mes de diciembre, ó sea, después de transcurridos los cinco días que al efecto señala la ley; alegan los demandados sin duda para evadir los efectos de esta sección, que no impugnan la *suficiencia* de los fiadores, sino solamente su *incapacidad* para figurar como tales fiadores, que apareja la nulidad de la fianza. Parece que la parte demandada estima que al referirse la ley á la suficiencia de los fiadores ha. querido significar solamente su responsabilidad pecuniaria y no la aptitud ó capacidad de los mismos para otorgar la fianza; mas esto es un error. Las únicas objeciones que el demandado podría hacer contra los fiadores son las que hemos señalado, ó sea, su falta de responsabilidad pecuniaria ó su falta de capacidad ó aptitud legal, por otros conceptos, para figurar como tales fiadores; ambas están comprendidas dentro del concepto de la palabra *suficiencia,* y deben ser presentadas dentro del término legal, pues como la intención de la ley al conceder cinco días al demandado para excepcionar la suficiencia de los fiadores ha sido la de dar á éstos la oportunidad de justificar tal suficiencia, dentro de igual término que al efecto les concede, ó en otro caso, para que el demandante pueda presentar nuevos fiadores, justifi-

cando previamente su suficiencia habiendo vencido dicho término cuando los demandados presentaron su oposición, no había ya términos hábiles para que el demandante subsanara los defectos señalados y hay que aceptar, por consiguiente, que la objeción que hicieron los demandados contra los fiadores que suscribieron la fianza fué presentada fuera del término fijado por la ley, y por tal razón, sería completamente inútil si procediéramos á considerar los méritos de la misma.

Pasemos á la segunda cuestion, ó sea, que la compañía demandante no ha promovido prueba alguna sobre los hechos expresados en su solicitud.

Los hechos consignados en la petición, por virtud de la cual se expidió el auto provisional, fueron alegados bajo juramento y los demandados, en su oposición, lejos de negar en forma alguna esos hechos, limitáronse, como hemos visto, á establecer una cuestión de derecho sobre la capacidad de los fiadores, en el concepto que hemos expresado, y también sobre el alcance ó efecto de dicha orden de *injunction;* no habiendo sido denegados los hechos establecidos en la petición, hay que aceptarlos como ciertos y verdaderos para los efectos de esta acción, según doctrina establecida por esta Corte Suprema en el caso de *Ríos v. Berenguer y otros,* fallado en 13 de febrero de 1905. Por otra parte, no puede sostenerse, como alegaron los demandados en el inferior, que el auto de *injunction* decretado tuviera el efecto de una sentencia dictada en juicio de desahucio, porque constando de la petición que dichos demandados ocupaban, por razón de su cargo, las casas de la corporación demandante, tenía ésta perfecto derecho para pedir se les desposeyera de las mismas, según el artículo 1490 del Código Civil, y al prohibir el auto de *injunction* que los demandados entraran en la propiedad ó propiedades de la corporación demandante ó que intervinieran en modo alguno con dicha propiedad, ó propiedades, ú ocuparan las mismas, se hacía indispensable disponer, como secuela necesaria de esos actos, la entrega por los demandados de las llaves de dichas fincas y demás propiedades muebles que estuvieran en

su poder, pues si así no se hubiera hecho hubiera resultado completamente ilusoria é ineficaz la orden de *injunction* decretada.

Que el auto de *injunction* decretado y expedido sea *mandatorio* en algunos de sus términos, no es tampoco objeción que, en nuestra opinión, pueda sostenerse. En su acepción ordinaria, un *injunction* es una orden ó mandato, y ese mandato puede ser para que se haga una cosa determinada ó para evitar que dicha cosa llegue á hacerse; en su acepción legal, el *injunction* es un auto de carácter *reparador*, que se expide para ordenar al demandado que ejecute un acto ó que se abstenga de ejecutarlo ó continúe ejecutándolo; puede ser, por consiguiente, de carácter mandatorio ó prohibitorio, y la facultad de los tribunales para expedirlos en cualquiera de esas formas, ha quedado perfectamente establecida por la jurisprudencia de los más altos tribunales de la Unión Americana. (Véase la Obra de Bispham sobre principios de Equidad, y los casos que en ella se citan, párrafos 399 y 400, y la de High sobre *Injunctions*, párrafo 1 y 2.

Por todas estas consideraciones, somos de opinión que debe confirmarse la resolución dictada en este caso por la Corte de Distrito de Mayagüez, con las costas á los apelantes.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.